IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-10069-CIV-MOORE/GARBER

SHIPYARD CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.

CITY OF KEY WEST,

    Defendant.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant City of Key West's Motion to Dismiss Amended Complaint (filed in duplicate as DE # 13 and 14). Plaintiff filed a Response (DE # 19). Defendant did not file a Reply.

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**    **Background**

This suit arises out of the revocation of a building permit granted to Plaintiff Shipyard Condominium Association, Inc. ("Plaintiff" or "Shipyard"), by the City of Key West ("Defendant" or the "City"). Shipyard is a property owners' association, representing owners of residential property in the Truman Planned Residential Development. Compl. at 2. Shipyard disposes of waste in dumpsters, located in the complex parking lot. Id. The City's franchise waste hauler, Waste Management, empties the dumpsters four times a week. Id. Plaintiff claims Waste Management informed Shipyard that it would no longer be able to empty the dumpsters from the Shipyard parking lot, and that Shipyard would have to redesign its waste disposal

method. Id. Shipyard decided to follow Waste Management's suggestion and install a waste compactor. Id. Installing the compactor as planned required getting a building permit from the City. Id. at 3.

The City issued a building permit on June 15, 2005. Id. Shipyard then began the work. Id. The City issued a Stop Work Notice on July 26, 2005, and revoked the permit the next day, informing Shipyard that additional approvals were necessary before the changes could be made. Id. at 4-5. Plaintiff alleges it was informed that those approvals, including an easement to allow garbage to be picked up at the new location, would not be forthcoming. Id. at 4-5. Plaintiff claims the solution suggested by the City is prohibitively expensive. Id. at 6.

Plaintiff's suit contains two claims against both Defendants. The first is an Estoppel claim, arguing that the City is estopped from revoking the permit because Shipyard "reasonably relied on it and will be prejudiced if it is not reinstated." Id. at 6. The second claim is an equal protection claim under 42 U.S.C. § 1983, arguing that the City is treating Shipyard differently from other property owners in requiring Shipyard to get an easement, causing injury to Shipyard. Id. at 7. Defendant filed an Amended Motion to Dismiss (filed in duplicate at DE # 13, 14), claiming the Plaintiff's Amended Complaint has failed to state a claim upon which relief can be granted. Def. Mot. at 1.

## II.     Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835

F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

## III.   Discussion

Defendant argues the Plaintiff's Equal Protection Claim fails to state a claim upon which relief can be granted because the Amended Complaint fails to allege the Plaintiff was deprived of equal protection, that Defendant acted out of any discriminatory animus, or that Plaintiff has exhausted the city's review process. Def. Mot. at 2. The City claims that Shipyard's Estoppel claim, based on Florida law, must fail because Plaintiff has failed to exhaust its administrative remedies or, in the alternative, that the claim should be remanded to Florida State Court

### A) Equal Protection Claim

To survive a motion to dismiss, Shipyard must allege it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The plaintiff must allege specific facts making out a § 1983 claim. GJR Investments, Inc. v. County of Escambia,

132 F.3d 1359, 1367 (11th Cir. 1998). Shipyard's complaint fails to sufficiently allege it has been treated differently from others in similar situations. Shipyard claims:

> Shipyard is similarly-situated to other property owners in the City of Key West and has a right to have its trash collected by the City's franchise waste hauler without having to obtain an easement or right of way from the City.
> The City has not required other property owners in the City of Key West to obtain an easement or right of way in order to have their trash picked up by the City's franchise waste hauler. And, in fact, the City's ordinances allow access to the right of way for trash pick-up by the City's franchise waste hauler.

Compl. at 7. Plaintiff does not allege any facts supporting this contention. Nothing in the Complaint alleges that the City has granted a building permit, or an easement, for that matter, to a similarly-situated party or required a party with a similar project to obtain one. Accordingly, Plaintiff's Equal Protection Claim fails to state a claim for which relief can be granted and should be dismissed.

### B) Estoppel Claim

Defendant claims that the Plaintiff's Estoppel Claim must be dismissed because the Plaintiff has not pursued and exhausted all available administrative remedies. Def. Mot. at 7. Shipyard claims it is not required to pursue administrative remedies which would be futile. Pl. Resp. at 3. Under Florida law, "[o]ne is not required to pursue administrative remedies where such remedies would be of no avail." Southern Bell Tel. & Tel. Co. v. Mobile America Corp., Inc., 291 So.2d 199, 201 (Fla. 1974). While Plaintiff's complaint alleges that Shipyard is continuing to pursue "remedies available to it through the Board of Adjustment," it also asserts that "[a]ny additional appeals to the City or its agencies will be futile." Compl. at 6. On a motion to dismiss, this Court must construe the complaint in the light most favorable to the plaintiff, and

so declines to dismiss this claim. However, as the Plaintiff's Equal Protection claim will be dismissed, this Court declines to exercise supplemental jurisdiction over this claim, and remands what remains of this action to State Court.

## IV.     Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant, City of Key West's, Motion to Dismiss Amended Complaint (filed in duplicate as DE # 13 and 14) is GRANTED IN PART. Claim Two of the Complaint, the Equal Protection Claim, is DISMISSED. Claim One, the Estoppel Claim, is REMANDED. All pending motions are DENIED as Moot. The Clerk is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of February, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE


cc:     All Counsel of Record